1                                                    The Honorable Marsha J. Pechman

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON AT SEATTLE
8

9  | ROBERT HICKEY; KENNETH HANKIN; | No.  C00-1672P
   | JENNIFER HUDZIEC; STEPHANIE LANE; |
10 | CARROLL JACKSON; DENISE COOPER; | SUPPLEMENTAL BRIEF RE:
   | NICOLE PEARSON; and EMILY | UNDISCLOSED WITNESSES
11 | MALONEY, on behalf of themselves and all |
   | others similarly situated, | **NOTE ON MOTION CALENDAR:**
12 | | **THURSDAY, JANUARY 15, 2004**
   |               Plaintiffs, |
13 | |
   |      v. |
14 | |
   | THE CITY OF SEATTLE, a municipality; |
15 | PAUL SCHELL, Mayor of the City of |
   | Seattle; and NORMAN STAMPER, Chief of |
16 | Police of the City of Seattle, |
   | |
17 |               Defendants. |

18         **A.  FRCP 37 specifically requires exclusion of the witnesses.**

19         FRCP 37's prohibition of evidence and witnesses not timely disclosed is "self

20  executing" and "automatic" as described by the advisory committee note to the 1993

21  amendments to the federal rules.   Without adequate sanctions the procedure for

22  discovery would often be ineffectual.   Wanderer v. Johnston, 910 F.2d 652 (9th

23  Cir.1990).

SUPPLEMENTAL BRIEF RE: UNDISCLOSED
WITNESSES - 1
U:\CLIENTS\3018\21526\PLD PLD SUPPL BRIEF RE UNDISCLOSED WITNESSES.DOC



STAFFORD FREY COOPER
·················· Professional Corporation ··················
A  T  T  O  R  N  E  Y  S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885

1    The sanctions of FRCP 37, as amended in 1993, created a new sanction – the
2  "automatic" exclusion of witnesses and information that was not disclosed despite the
3  duty to do so.  The amendment was a departure from the prior rule which did not
4  automatically mandate sanctions for certain discovery abuses, but placed a burden on
5  the parties to seek redress when an abuse had occurred.   This amendment is
6  recognized as broadening the sanctioning power of the courts. Klonoski v. Mahlab, 159
7  F.3d 255, 269 (1st Cir. 1998).

8    The Ninth Circuit has applied the rule as intended by the amendments, and has
9  affirmed decisions striking evidence and witnesses untimely disclosed. See, e.g., Yeti
10 by Molly v. Deckers, 259 F.3d 1101 (9th Cir.2001).  There the court discussed the
11 exclusion of an expert witness due to the untimely disclosure of the expert's report,
12 upholding the expert's exclusion.  The court relied on the language of FRCP 37(c)(1)
13 which specifically precludes from use at trial information not timely disclosed under
14 FRCP 26(a) or 26(e)(1), and explained that "Rule 37(c)(1) gives teeth to these
15 requirements by forbidding the use at trial of any information required to be disclosed by
16 Rule 26(1) that is not properly disclosed." Id. at 1106. The Yeti court further explained
17 that "The Advisory Committee Notes describe [Rule 37(e)(1)] as a 'self-executing,'
18 'automatic' sanction to "provide [ ] a strong inducement for disclosure of material." Id. at
19 1106.

20    The courts have been clear in their approval of the intention of CR 37 by not
21 tolerating abuses of the discovery process. See e.g., Campbell Indus. v. M/V Gemini,
22 619 F.2d 24, 27 (9th Cir.1980)(court excluded expert testimony due to ex parte
23 communications with expert while still retained by the opposing party).  Moreover,

SUPPLEMENTAL BRIEF RE: UNDISCLOSED
WITNESSES - 2
W:\FAITH\DATA\CLIENTS\5019\21525\PLD SUPPL BRIEF RE UNDISCLOSED WITNESSES.DOC

STAFFORD FREY COOPER
............................ Professional Corporation ............................
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885

"courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." Id., citing Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo, 248 F.3d 29, 35 (1st Cir.2001)(although the exclusion of an expert would prevent plaintiff from making out a case and was "a harsh sanction to be sure," it was "nevertheless within the wide latitude of" Rule 37(c)(1)); *see also*, Quevedo v. Trans-Pacific Shipping, Inc., 143 F.3d 1255 (9th Cir.1998)(court refused to consider expert report because it was filed 1 ½ months late and the plaintiff could have asked for an extension of time, but did not).

In this case, plaintiffs were specifically requested by interrogatory to provide information they had regarding individuals with knowledge of the facts and circumstances underlying this arrest. They failed to reveal that information until the close of discovery, despite having had the plaintiffs' arrest records and contact information, obtained from King County, months before the close of discovery. Under the circumstances, Rule 37's automatic prohibition should apply, to prevent clear prejudice to the city and to reinforce the importance of abiding by the rules.

Plaintiffs' suggestion that the untimely disclosure results in no harm or prejudice to defendants as defendants could have deposed or otherwise engaged in discovery with the newly identified witnesses in the short time remaining before trial is nothing more than a veiled attempt to circumvent the civil rules. Plaintiffs' suggestion places a burden on defendants to correct the wrong created by plaintiffs' own discovery abuse, and should not be tolerated.

Furthermore, plaintiffs' suggestion is impractical. At the time plaintiffs disclosed these witnesses, only three months remained before trial. Three months is insufficient

SUPPLEMENTAL BRIEF RE: UNDISCLOSED
WITNESSES - 3
\\FARTH\DATA\CLIENTS\0019\21525\PLD PLD SUPPL BRIEF RE UNDISCLOSED WITNESSES.DOC

STAFFORD FREY COOPER
............................. Professional Corporation .............................
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885

1    time to engage in a full exchange of discovery and investigation of each of these
2    witnesses, their knowledge and their background. Plaintiffs' flagrant disregard for the
3    civil rules for their own benefit, to the detriment of the defendants, cannot, and should
4    not, be tolerated.

5    **B. Plaintiffs' "Additional Authority" in inapplicable and non-persuasive.**

6    In Plaintiffs' Notice of Additional Authority Regarding disclosure of Third-Party
7    Witnesses plaintiffs cite to Los Angeles News Service v. CBS Broadcasting, Inc., 305
8    F.3d 924 (2003)("LANS") for the proposition that the limitations and restrictions placed
9    upon the disclosure of information by the civil rules stand separate and distinct from the
10    question of admissibility of that very information. Plaintiffs' proposal is incredulous at
11    best as it suggests that the civil rules live in a vacuum and have no effect on litigation
12    procedure.

13    Moreover, the LANS case does not address the issue now before the court,
14    exclusion of witnesses due to untimely disclosure. In LANS, the issue involved the
15    admission of evidence obtained pursuant to the confines of a stipulated dismissal
16    agreement. The parties there entered into a stipulated dismissal, with the caveat that
17    re-filing of the action would be permitted under certain restrictions. The stipulation
18    provided in pertinent part that in the event the complaint was refiled the parties would be
19    "restored to the same litigation positions they currently enjoy," and that the parties would
20    have "no right to assert new or additional claims or defenses, conduct discovery, . . ."
21    LANS, at 930. Subsequent to the stipulated dismissal, plaintiffs acquired additional
22    information they intended to offer as evidence. Defendant objected to the submission
23    arguing that the submission of such evidence violated the stipulation. In admitting the

SUPPLEMENTAL BRIEF RE: UNDISCLOSED
WITNESSES - 4
\\EARTH\DATA\CLIENTS\3019\21525\PLD PLD SUPPL BRIEF RE UNDISCLOSED WITNESSES.DOC

STAFFORD FREY COOPER
················· Professional Corporation ················
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885

1  evidence the court analyzed the question under the stipulation and reasoned that the

2  information offered as evidence was obtained separate and distinct from the discovery

3  process, and therefore not subject to the terms of the stipulated dismissal. This ruling

4  should be contrasted from cases involving information which is required to be disclosed

5  in the discovery process under the civil rules, which are the facts presented here.

6  It must be pointed out that the LANS decision relied heavily on language from

7  Whittaker Corp. v. Execuair Corp., 736 F.2d 1341 (1984) which  was decided prior to

8  the 1993 amendments to CR 37, and case law subsequent thereto.   Additionally,

9  Whittaker, like LANS, involves a fact pattern entirely distinct form the one presented

10  here.  In Whittaker, the court reversed the exclusion of documents obtained after the

11  discovery cut-off.  The documents in question were discovered by the plaintiff in the

12  course of an antitrust action which involved the same parties. The court explained that

13  the documents were obtained outside of the discovery process in the pending action,

14  and hence the discovery cut-off in that action was inapplicable.  Again, this ruling should

15  be contrasted from situations where the question of admissibility centers on information

16  required to be disclosed under the civil rules.  Hence, plaintiffs' argument is entirely

17  unpersuasive to the issue presented here and the automatic exclusion requirement set

18  forth in FRCP 37.

19

20

21

22

23

SUPPLEMENTAL BRIEF RE: UNDISCLOSED
WITNESSES - 5
\\EARTHDATA\CLIENTS\3019\21325\PLD PLD SUPPL BRIEF RE UNDISCLOSED WITNESSES.DOC

STAFFORD FREY COOPER
·················· Professional Corporation ················
A T T O R N E Y S
31100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885

1    DATED this _15_ day of _January_ , 2004.

2                      STAFFORD FREY COOPER

3

4    By_____

         Ted Buck, WSBA #22029
5        Scott D. Bissell, WSBA #26416
         Attorneys for Defendant
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

SUPPLEMENTAL BRIEF RE: UNDISCLOSED
WITNESSES - 6
\\LARD\RDATA\CLIENTS\3019\21525\PLD PLD SUPPL BRIEF RE UNDISCLOSED WITNESSES.DOC



STAFFORD FREY COOPER
··············--Professional Corporation--··············
A  T  T  O  R  N  E  Y  S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885

## Certificate of Service

I certify that on the date noted below I presented SUPPLEMENTAL BRIEF RE: UNDISCLOSED WITNESSES to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following persons:

Tyler Weaver (tyler@hagens-berman.com)
    *Lead Counsel for Plaintiffs*

Steve Berman (steve@hagens-berman.com)
    *Counsel for Plaintiffs*

Michael S. McNamara (mikem@stanislaw-ashbaugh.com)
    *Counsel for Plaintiffs*

Victoria Ni (vni@tlpj.or)
    *Counsel for Plaintiffs*

and I certify that I have caused to be served in the manner noted below a copy of the above-listed document to the following non CM/ECF participants:

Arthur Bryant/Victoria Ni
Trial Lawyers for Public Justice
Ordway Building, Suite 275
One Kaiser Plaza
Oakland, CA 94612-3684
    *Counsel For Plaintiffs*

Michael E. Withey
Stritmatter Kessler Whelan
Withey & Coluccio
200 Second Avenue West
Seattle, WA 98119-4204
    *Counsel For Plaintiffs*

John R. Muenster
Muenster & Koenig
4100 Wells Fargo Center
999 Third Avenue
Seattle, WA 98104
    *Counsel for Plaintiffs*

Yvonne Kinoshita Ward
128 14th Street S.E.
Auburn, WA 98002
    *Counsel for Plaintiffs*

Fred Diamondstone
700 Dexter Horton Building
710 Second Avenue
Seattle, WA 98104
    *Counsel for Plaintiffs*

Benjamin A. Schwartzman
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
    *Counsel for Plaintiffs*

SUPPLEMENTAL BRIEF RE: UNDISCLOSED WITNESSES - 7
\\CARTHA\DATA\CLIENTS\3019\21525\PLD PLD SUPPL BRIEF RE UNDISCLOSED WITNESSES.DOC

STAFFORD FREY COOPER
*Professional Corporation*
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL (206) 623-9900
FAX (206) 624-6885

1

Erwin Chemerisnky, Professor of Law
2  University of Southern California
        Law School
3  University Park
   699 Exposition Blvd.
4  Los Angeles, CA 90089-0071
        *Counsel for Plaintiffs*

5
   [ ] Via Facsimile
6  [X] Via First Class Mail
   [ ] Via Messenger

7  DATED this 15 day of January, 2004, at Seattle, Washington.

8

9

10                    Ted Buck, WSBA #22029

11

12

13

14

15

16

17

18

19

20

21

22

23

SUPPLEMENTAL BRIEF RE: UNDISCLOSED
WITNESSES - 8
\\FAITH\DATA\CLIENTS\3019\21525\PLD-PLD SUPPL BRIEF RE UNDISCLOSED WITNESSES.DOC

STAFFORD FREY COOPER
................ Professional Corporation
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885