The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KENNETH HANKIN, JENNIFER HUDZIEC, STEPHANIE LANE, CARROLL JACKSON, DENISE COOPER, NICOLE PEARSON and EMILY MALONEY, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF SEATTLE, a municipality; PAUL SCHELL, Mayor of the City of Seattle; and NORMAN STAMPER, Former Chief of Police of the City of Seattle, <br><br> Defendants. | NO.  No. C00-1672 MJP <br><br> DEFENDANTS' BRIEF AND PROPOSED SPECIAL INTERROGATORIES |

Defendant City of Seattle proposed no special interrogatories because there appeared no need based upon the final instructions.  In response to the jurors' question regarding Instruction No. 24, Section 3(B) and the court's proposed response to that question, however, the city sees the significant prospect of an ambiguous verdict and

DEFENDANTS' BRIEF AND PROPOSED SPECIAL
INTERROGATORIES  - 1

No. C00-1672 MJP
3019-021525  136956

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1   accordingly, submits the following special interrogatories to be submitted to the jurors in

2   the event they find for the class on the arrest claim.

3       In attempting to ascertain the meaning of the phrase "knew of the alleged

4   constitutional violation(s)," the jurors have expressed confusion as to whether it meant

5   that the policymakers knew it was a constitutional violation at the time, or knew of the

6   "act of the arrests which is now called 'alleged constitutional violation'". The jurors

7   clarified their question by asking whether the word "arrest" could be substituted for

8   "alleged Constitutional violations."

9       There is but one "alleged constitutional violation" that could lead to municipal

10  liability in this case on the basis of ratification – that then-Captain James Pugel or Lt.

11  Dan Whelan ordered the arrests of the class members on the basis of their anti-WTO

12  speech. Only if the final policymakers knew of the arrests and that the arrests were

13  made because of their anti-WTO speech can the city be held liable under 42 U.S.C. §

14  1983 under a ratification theory. The court clarified that requirement in Instruction No.

15  24 – 3(A), but for unclear reasons now refuses to clarify that requirement In 24 – 3(B).

16      This court has already ruled that these arrests were unconstitutional because the

17  arresting officers lacked "individualized probable cause" to arrest. Accordingly, the

18  individual arresting officers could potentially be liable had they been parties to the law

19  suit. They were not. There was no evidence in the case, however, that supported a

20  theory that the officers were acting pursuant to a policy of arresting without probable

21  cause at the time they made the decision to arrest. Accordingly, the city cannot be held

22  liable on that basis, as the arrest was not caused by a city policy, custom or practice.

23  Instead, the plaintiffs allege that the city had either adopted a policy of arresting people

DEFENDANTS' BRIEF AND PROPOSED SPECIAL
INTERROGATORIES - 2

No. C00-1672 MJP
3019-021525  136956

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1  because they spoke out against the WTO, or that the arresting officers in this instance

2  decided to arrest on that basis and the city final policymakers knew of the decision and

3  the improper basis for the decision.

4      In refusing to answer the jurors' questions directly, the court has opened the door

5  to a potential finding of liability on the basis of the lack of probable cause for arrest.  The

6  court's suggestion that the jurors can figure it out from reading the other instructions is

7  belied by the fact that they have already asked for clarification on this issue.  It is also

8  belied by the fact that the instructions that define the arrest claim, Nos. 23 and 24, do

9  not identify the "alleged constitutional violation" as an arrest because of the class'

10  viewpoint.  The court's proposed response to the question not only does not clarify what

11  "alleged constitutional violation" is at issue in the case, <u>it actually removes the</u>

12  <u>requirement of knowledge of a constitutional violation from the instruction all together</u>.

13  The court's response has simply told the jurors that as long as a final policymaker knew

14  anything about the decision to arrest and approved of it, regardless of whether they

15  actually approved the requisite unconstitutional basis for the arrest, such approval is

16  sufficient for ratification under Section 3(B) of Instruction No. 24.  The jurors will now be

17  allowed to find that approval of the decision to arrest alone, regardless of whether or not

18  the arrests were made because of the class' viewpoint, is sufficient for ratification

19  liability.

20      The court's decision in response to the jurors' question is directly contrary to all

21  of the case law which has been cited to the court repeatedly regarding ratification

22  liability.  <u>See</u>, <u>Christie v. Iopa</u>, 1 76 F.3d 1231, 1239 (9th Cir. 1999); <u>Lytle v. Carl</u>, 382

23  F.3d 978, 987-88 (9th Cir. 2004) ("Ratification requires both knowledge of the alleged

DEFENDANTS' BRIEF AND PROPOSED SPECIAL
INTERROGATORIES  - 3

No. C00-1672 MJP
3019-021525  136956

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1   constitutional violation, and proof that the policymaker specifically approved of the

2   subordinate's act.").   The plaintiffs must prove that a final policymaker knew that

3   Captain Pugel or Lt. Whelan arrested the group because of their anti-WTO speech and

4   specifically approved of the arrests on that basis.   That requirement has now been

5   stripped from the jury instructions.

6       The logical result of the court's decision is to open the door to a finding of liability

7   on the basis of *respondeat superior*.   The jurors, upon reading Instruction No. 23, will

8   understand that all they must find for the plaintiffs to prevail is whether the arrests were

9   "pursuant to an 'official policy'" of the City of Seattle or were "ratified, ... ."   Instruction

10  No. 23 <u>does</u> <u>not</u> identify what the alleged improper official policy is.   Accordingly, the

11  jurors will look to Instruction No. 24 for that definition.   Instruction No. 24 – 3(A)

12  accurately identifies the necessary basis for liability – "discriminate on the basis of

13  viewpoint."   Instruction No. 24 – 3(B), however, does not, and is offered as an

14  alternative.   The absence of the identification of the necessary basis in Instruction No.

15  24 – 3(B) will logically be viewed by the jurors as an exclusion for a reason – that the

16  plaintiffs need not show discrimination on the basis of viewpoint in order to establish

17  ratification.   It will allow the jurors to determine that the policymakers' approval of the

18  arrest itself, already said to be improper due to want of probable cause, is sufficient

19  without finding that Captain Pugel or Lt. Whelan arrested because of viewpoint.   This

20  would be *respondeat superior* liability, unequivocally acknowledged as an improper

21  basis of liability for a city under 42 U.S.C. § 1983.

22      In order to relieve the ambiguity and any potential verdict, the court must ask the

23  jurors to clarify the action that could potentially lead to the jurors' determination of

DEFENDANTS' BRIEF AND PROPOSED SPECIAL
INTERROGATORIES - 4

No. C00-1672 MJP
3019-021525  136956

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1  ratification liability.  Specifically, the court must inquire as to whether the jurors found

2  ratification liability on the arrest claim based on the arresting officer's decision to arrest

3  because of protestor's anti-WTO speech, or if the ratification finding was based upon

4  Captain Pugel's or Lt. Whelan's decision to arrest on some other basis, *e.g.*, blocking

5  streets.  Accordingly, the following special interrogatories should be provided to the

6  jurors in the event they find that the plaintiffs have prevailed on their arrest claim.

7       If the court would simply clarify the necessary "alleged constitutional violation" in

8  Instruction No. 24 – 3(B), as it already has in 24 – 3(A), this would be unnecessary.

9       SUBMITTED this 25th day of January, 2007.

10

11                    STAFFORD FREY COOPER

12

13           By: ___/s/ Ted Buck via ECF_____
              Ted Buck, WSBA #22029

14                Heather L. Carr, WSBA #29780
              Karen L. Cobb, WSBA #34958

15                Attorneys for Defendants

16

17

18

19

20

21

22

23

DEFENDANTS' BRIEF AND PROPOSED SPECIAL
INTERROGATORIES  - 5

No. C00-1672 MJP
3019-021525  136956

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH HANKIN, JENNIFER HUDZIEC, STEPHANIE LANE, CARROLL JACKSON, DENISE COOPER, NICOLE PEARSON and EMILY MALONEY, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br>   v.<br><br>THE CITY OF SEATTLE, a municipality; PAUL SCHELL, Mayor of the City of Seattle; and NORMAN STAMPER, Former Chief of Police of the City of Seattle,<br><br>            Defendants. | NO.  C00-1672 MJP<br><br>SPECIAL INTERROGATORIES TO THE JURY (TO BE GIVEN ONLY UPON A FINDING FOR THE PLAINTIFFS ON THE ARREST CLAIM) |

1.    With regard to your finding in favor of the Plaintiffs on the arrest claim, please identify whether the basis for your decision was subpart 3A, 3B or 3C of Instruction No. 24 (place a check mark by the applicable supart(s)).

3A    _____

3B    _____

3C    _____

If you did not check "3B," please sign and return this verdict form.  Otherwise, please continue to question 2.

2.     Please identify the act(s) of Captain Pugel or Lieutenant Whelan that you find were ratified by Mayor Schell, Chief Stamper or Assistant Chief Joiner (answer each subsection):

A.     Captain Pugel and/or Lieutenant Whelan's decision to arrest the class because of their anti-WTO viewpoint.

Yes _____          No _____

B.     Captain Pugel and/or Lieutenant Whalen's decision to arrest the class for any other reason.

Yes _____          No _____

DATED: _____.

_____
FOREPERSON

Certificate of Service

I certify that on the date noted below I electronically filed this document entitled DEFENDANTS' BRIEF AND PROPOSED SPECIAL INTERROGATORIES with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Tyler Weaver
(tyler@hagens-berman.com)
*Lead Counsel for Plaintiffs*

Steve Berman
(steve@hagens-berman.com)
*Lead Counsel for Plaintiffs*

Arthur H. Bryant
(abryant@tlpj.org)
*Counsel for Plaintiffs*

Victoria Ni
(vni@tlpj.org)
*Counsel for Plaintiffs*

John R. Muenster
jmkk1613@aol.com
*Counsel for Plaintiffs*

Fred Diamondstone
(fdiamondstone@seanet.com)
*Counsel for Plaintiffs*

Benjamin Schwartzman
(ben@lshblaw.com)
*Counsel for Plaintiffs*

Michael E. Withey
mike@witheylaw.com
*Counsel for Plaintiffs*

and I certify that I have caused to be served in the manner noted below a copy of the above-listed document to the following non CM/ECF participants:

[ ]  Via Facsimile
[ ]  Via First Class Mail
[ ]  Via Messenger

DATED this 25th day of January, 2007 at Seattle, Washington.

/s/ Ted Buck via ECF

DEFENDANTS' BRIEF AND PROPOSED SPECIAL INTERROGATORIES - 6

No. C00-1672 MJP
3019-021525  136956

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885