1

2

3

4              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
5                        AT SEATTLE

6

7    KENNETH HANKIN, et al.,

8                              Plaintiffs,                No. C00-1672MJP

9    v.                                                   ORDER STRIKING MOTION FOR
                                                          DIRECTED VERDICT
10   THE CITY OF SEATTLE,

11                             Defendant.

12

13          This matter comes before the Court on Defendants Motion for Directed Verdict under Fed. R.

14   Civ. P. 50(a). (Dkt. No. 431).  Defendants moved for directed verdict by filing their motion on the

15   electronic filing system at 11:33 a.m. on January 24, 2007, after the parties had rested.  When

16   Plaintiffs rested, no oral or written Rule 50(a) motion was made.  When Defendant finished its case,

17   no such motion was made.  Plaintiffs called a rebuttal witness.  Defendant called a rebuttal witness.

18   Again, no oral or written motion was made.  The court announced to the jury that the testimony was

19   concluded and that they would return after lunch for instructions and closing argument.  No motion

20   was made.  When Defendant electronically filed its Rule 50(a) motion, the Court was working with

21   the parties on jury instructions in chambers.  Defendant's counsel did not mention the motion to the

22   Court during that conference.  At 1:15 p.m., the Court heard the parties objections to the

23   instructions.  Again, no mention of the motion was made.  At 1:30, the Court read the instructions to

24   the jurors and then the parties gave closing arguments.  At no time while the Court was working with

25   the parties on jury instructions, when the Court took exceptions to those instructions, or before or

26   during the time for closing arguments did Defendants ever orally move for directed verdict or

ORDER STRIKING RULE 50(a) MOTION - 1

mention the electronically filed document.[1]  At some point on January 24th, Defendant's counsel handed a working copy of the motion to the Court's in-court deputy.  It was not until other Court staff noticed the electronic filing around 1:15 p.m. that the Court became aware of the motion.  At no time was the Court apprised of the substance of the motion.  Plaintiffs were not made aware of the motion until the Court mentioned it after closing arguments.

The Court STRIKES Defendant's motion as untimely.  Fed. R. Civ. P. 50(a), which governs judgment as a matter of law in jury trials, requires that any motion for a directed verdict be made before the case is submitted to the jury.  Fed. R. Civ. P. 50(a)(2).[2]  The advisory committee's notes to Rule 50(a)(2) state that "the purpose of this requirement is to assure the responding party an opportunity to cure any deficiency in that party's proof that may have been overlooked until called to the party's attention by a late motion for judgment." Fed. R. Civ. P. 50(a)(2) advisory committee's notes (1991 amendment).  As the Ninth Circuit has explained, the language in Rule 50(a)(2) is intended "to prevent the moving party from waiting until it is too late for the non-moving party to perfect its case."  McSherry v. City of Long Beach, 423 F.3d 1015, 1020 (9th Cir. 2005).  The major purpose of Rule 50(a) is "to call the claimed deficiency in the evidence to the attention of the court and to opposing counsel at a time when the opposing party is still in a position to correct the deficit." Waters v. Young, 100 F.3d 1437, 1441 (9th Cir. 1996).  The rule prevents opposing counsel from being "'ambushed' or 'sandbagged' regarding the sufficiency of the evidence adduced at a point in the trial proceedings when it is too late to address possible insufficiencies."  Crawford v. Andrew Systems, Inc., 39 F.3d 1151 (11th Cir. 1994).

Defendant brought its motion at a point when it was too late for Plaintiffs to address or correct the alleged insufficiencies in their case.  The Court was not aware of the motion until just

---

[1]    The Court does not have access to the electronic filing system when on the bench or when working in conference with the parties in chambers.

[2]    Fed. R. Civ. P. 50(a) was recently amended.  The current version of the rule provides, in part: "A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2).  The advisory committee's notes to Rule 50(a) state that the changes to the Rule are intended to by stylistic only.

ORDER STRIKING RULE 50(a) MOTION - 2

before it gave the jury its final instructions.  And Plaintiffs were unaware of the motion until the jurors had been excused to deliberate.  In its motion, Defendant does not explain why it waited to bring the motion nor does it identify any exceptional circumstances warranting the lack of notice to the Court or opposing counsel.  In this circumstance, just electronically filing the motion is insufficient.  The Court therefore STRIKES the motion as untimely.  Defendants have waived any future motion for judgment notwithstanding the verdict.  See Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1028-29 (9th Cir. 2003).

Dated: January 26, 2007.

Marsha J. Pechman
United States District Judge

ORDER STRIKING RULE 50(a) MOTION - 3