The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KENNETH HANKIN, JENNIFER HUDZIEC, STEPHANIE LANE, and DENISE COOPER, on behalf of themselves and all others similarly situated,

        Plaintiffs,

v.

THE CITY OF SEATTLE, a municipality,

        Defendant.

No. C00-1672P

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS

**NOTED FOR HEARING:
October 26, 2007 at 10:00 a.m.**

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS
001428-11 199871 V1



HAGENS BERMAN SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT ........................................................................................................................1

    A. The Requested Fee Is Reasonable Under 42 U.S.C. § 1988 ....................................1

        1. The Nature and Desirability of the Case ......................................................3

        2. The Skill of Class Counsel ..........................................................................4

        3. Class Counsel's Experience and Qualifications .........................................5

        4. The Results Achieved ..................................................................................6

    B. The Fee is Also Appropriate Under the Common-Fund Doctrine ..........................7

    C. The Class Representatives Should Receive An Incentive Payment For Vindicating The Rights Of The Class ......................................................................8

III. CONCLUSION ....................................................................................................................9

PLAINTIFFS' MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND
INCENTIVE AWARDS
001428-11  199871 V1

- i -



1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

Plaintiffs hereby move the Court for an order (1) awarding $450,000.00 to Class counsel for attorneys' fees and expenses; and (2) granting an incentive award of $2,500 each to Class representatives Kenneth Hankin, Jennifer Hudziec, Stephanie Lane, and Denise Cooper.

## I.  INTRODUCTION

After seven years of hard-fought litigation that included an appeal, extensive motion practice, and a liability trial, Class counsel have achieved a settlement that entitles all Class members who have returned valid claim forms to receive more than $3,500 in cash, in addition to substantial non-monetary relief.

In connection with that settlement, Class counsel seek an award of $450,000.00 for fees and costs incurred in the case. The requested award is only a fraction of the amount counsel actually spent in time and costs, and is justified by the result in this case, the advocacy and dedication provided by Class counsel, and the long and complicated procedural history of the case. The fee is reasonable, and the Class evidently agrees – not a single objection was filed following the notice that disclosed the amount that counsel intended to request.

In addition, Plaintiffs request that the Court approve an incentive award of $2,500 to each of the four Class representatives, for their years-long commitment to this case.

## II.  ARGUMENT

**A.  The Requested Fee Is Reasonable Under 42 U.S.C. § 1988**

In a case such as this, where there is a class settlement under a statute with a fee-shifting provision, it is appropriate for a Court to analyze a request for attorneys' fees and costs in comparison to the lodestar that the Court would have awarded under that fee-shifting statute. *See, e.g., Staton v. Boeing Co.*, 327 F.3d 938, 965-66 (9th Cir. 2003). Once that review is done, it is apparent that the requested fee of $450,000 is reasonable, since it represents only a fraction of the costs and lodestar that Class counsel accumulated during the relevant portions of this litigation.

PLAINTIFFS' MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND
INCENTIVE AWARDS
001428-11  199871 V1

- 1 -

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

The primary claims in this case are the claims brought (and certified) under 42 U.S.C. § 1983 for violations of the First and Fourth Amendments to the United States Constitution. The remedial provisions of that statute provide for awards of attorneys' fees and costs, pursuant to 42 U.S.C. § 1988. In assessing a fee petition under 42 U.S.C. § 1988, the starting point of the analysis is to consider the lodestar of the prevailing party, and then determine whether it should be increased or decreased based on the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) (quoting *McGrath v. County of Nevada*, 67 F.3d 248, 252 n.4 (9th Cir. 1995)). In this case, this analysis indicates that the requested fee is appropriate and eminently reasonable.

As to the applicable lodestar, under Class counsel's most conservative calculations, Class counsel's total lodestar for time related only to the claims that were at issue at trial was $1,480,970.00, and the total related costs were $57,663.38. *See* Declaration of Tyler Weaver in Support of Motion for Final Approval, ¶ 17.[1] These numbers are not the total lodestar and costs incurred over the entire life of this case, but rather are the lodestar and costs incurred *only* during the period of November 1, 2001, through August 30, 2007, and do not include time or costs spent litigating the claims of the First & Broad class. *See id*. To explain the numbers in terms of the procedural history, these lodestar and costs numbers include only hours worked and costs incurred *after* Judge Rothstein's October 2001 summary-judgment order, and do not include the hours worked or costs spent (1) prior to October, which included work on a number of

---

[1] Supporting documentation – which is quite voluminous – can be made available at the Court's request.

PLAINTIFFS' MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND
INCENTIVE AWARDS
001428-11 199871 V1

- 2 -

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1  depositions that were used at trial this year, nor (2) on the certification and litigation of the First
2  & Broad claims that settled on the eve of trial in January 2004.  *See id.*  The numbers represent
3  only the hours worked and costs incurred in appealing Judge Rothstein's summary-judgment
4  ruling and working on the remand, including the liability trial in January 2007.  *See id.*

5  The Ninth Circuit has indicated that when determining whether it is appropriate to award
6  an attorney fee in an unchallenged class settlement that is ***less*** than the total lodestar and costs
7  incurred in a particular case, the Court's scrutiny should be lessened.  *See Staton*, 327 F.3d at
8  966.  However, no matter what level of scrutiny the Court applies, the request is reasonable.  An
9  analysis of the pertinent facts confirms that Class counsel could have sought their full fee,
10 instead of simply a fraction of that fee.

11  **1.  The Nature and Desirability of the Case**

12  This case has been anything but ordinary, from the day that it was filed in October 2000.
13  Plaintiffs filed the case not to gain a large financial recovery, but rather to address significant,
14  widespread violations of the First and Fourth Amendments to the U.S. Constitution in Seattle on
15  December 1, 1999.  At the time, mass-arrest class actions were extremely rare, with the only
16  major mass-arrest, class-certification precedent arising out of a 1971 mass protest in Washington,
17  D.C.  *See, e.g., Dellums v. Powell*, 566 F.2d 167 (D.C. Cir. 1977).  The size of this case, the
18  importance of this case to the City of Seattle, the risk of losing class certification, and the
19  complex constitutional issues at issue essentially guaranteed that the case would be a high-risk,
20  drawn-out battle and consume significant time and resources.  In the first year after this case was
21  filed, Plaintiffs deposed Mayor Paul Schell, Chief Norm Stamper, and virtually the entire
22  leadership of the Seattle Police Department; filed a motion for class certification; defended a
23  motion for summary judgment; and filed their own motion for summary judgment.

24  That was only the beginning, of course.  Without even considering the work done on
25  behalf of the class arrested at First and Broad, the case continued on for another six years.
26  Counsel pursued the case diligently throughout that entire period, winning an appeal, and a jury

PLAINTIFFS' MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND
INCENTIVE AWARDS
001428-11  199871 V1

- 3 -

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

trial on liability. Following the appeal, Class counsel moved for and obtained certification of the Class arrested at Westlake, conducted substantial additional discovery, defeated the City's motion for summary judgment, and obtained partial summary judgment on behalf of the Class.

Class counsel litigated this case for nearly seven years before obtaining the present settlement, despite the fact that the prospect of being paid for their services was entirely dependent on succeeding on the merits. While Plaintiffs believed that their claims would ultimately succeed, there was always a significant risk that they would not. Indeed, even though Plaintiffs established prior to trial that their arrests were wrongful, Plaintiffs still had to prove that the City could be held liable. In addition, the risk Plaintiffs faced in this case and at trial was heightened by the fact that the Ninth Circuit's remand required Plaintiffs to prove "viewpoint discrimination" to succeed on their free-speech claims. *See Menotti v. City of Seattle*, 409 F.3d 1113 (9th Cir. 2005).

Yet, in the face of that risk, Class counsel consistently dedicated the resources necessary to ultimately prevail in this case. The requested fee award is necessary to reward that commitment and provide incentives to Class counsel and others to pursue similarly challenging cases in the future.

**2. The Skill of Class Counsel**

Ultimately, the Court is the best judge of the skill and advocacy of Class counsel in this case. However, Class counsel believe that throughout the litigation of this case, Class counsel have consistently provided the Class with excellent representation in the face of a relentless defense by the City. Class counsel have striven to move their case forward to resolution over the years, and have always attempted to be professional and candid at all times in their interactions with the Court and opposing counsel. Class counsel believe that their blend of experience in class actions and civil-rights litigation resulted in the best representation that the Class could have received.

PLAINTIFFS' MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND
INCENTIVE AWARDS
001428-11  199871 V1

- 4 -

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

### 3. Class Counsel's Experience and Qualifications

Class counsel not only achieved excellent results in this case, they also have extensive experience and qualifications in the arenas of class actions and civil-rights litigation. Lead counsel for the Class, Steve Berman and Tyler Weaver, are counsel at Hagens Berman Sobol Shapiro LLP, Seattle's leading class-action law firm. Mr. Berman, the managing partner of Hagens Berman, has been litigating class actions for more than 20 years, and his successes include recovering billions of dollars on behalf of various states from the tobacco industry, a victory in a January 2007 class-action trial concerning the pharmaceutical industry, and a $93 million dollar settlement in the Boeing securities litigation that was heard in this Court. *See* Weaver Decl., ¶ 18. Mr. Weaver has litigated class actions in state and federal courts across the country, including numerous cases in this Court, including this case and the Diamond Parking collection-agency litigation that ended in a $2.2 million settlement that awarded 100% of damages to all class members. *See* Weaver Decl., ¶ 19.

Public Justice, P.C., (formerly known as Trial Lawyers for Public Justice), is a national public interest law firm that specializes in precedent-setting and socially significant civil litigation, and is dedicated to pursuing justice for the victims of corporate and governmental abuses. Litigating throughout the federal and state courts, Public Justice prosecutes both individual and class-action litigation designed to advance consumers' rights, workers' rights, civil rights and civil liberties, public health and safety, environmental protection, and the protection of the poor and the powerless. Its class-action work has resulted in a landmark settlement in *Singleton v. Regents of the University of California* (Case No. 807233-1, Alameda County Superior Court, State of California) to remedy unequal pay and promotional opportunities for women working at the Lawrence Livermore National Laboratory; a declaration that AT&T's arbitration clause was unconscionable and unenforceable for seven million California residents, *Ting v. AT&T,* 182 F. Supp. 2d 902 (N.D. Cal. 2002), *aff'd in key part*, 319 F.3d 1126 (9th Cir. 2003); and a settlement benefitting low-income consumers who were

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS
001428-11  199871 V1

- 5 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

victimized by a fraudulent used car sale and repossession scheme, whereby the defendant car dealership agreed to forgive over $10.5 million in defaulted loans and to change its default procedures, *see Chisolm v. TranSouth Fin. Corp.,* 184 F.R.D. 556 (E.D. Va. 1999).

Mike Withey, who served as lead counsel in presenting the case to the jury, has a long and distinguished career litigating civil-rights claims. His successes in the area include a $15 million verdict against Ferdinand & Imelda Marcos on behalf of the estates of two labor organizers. *See, e.g., Estate of Domingo v. Republic of Philippines*, 694 F. Supp. 782 (W.D. Wash. 1988).

Fred Diamondstone has handled successful class action, institutional reform litigation on behalf of jail inmates in the King and Pierce County jails. He received the Public Justice Award from WSTLA in 1997 and the WSBA's President's Award in 1999.

### 4. The Results Achieved

Class counsel respectfully submit that the results achieved in this case, and in this settlement, would justify an award of their full lodestar, rather than the fraction at issue in this motion. Despite the numerous obstacles already discussed, Class counsel pursued this case through a jury trial to a verdict in favor of the Class. While the jury ruled against the Class on its free-expression claims, "a litigant need not prevail on every claim in order to receive a full fee.… ***The result is what matters***." *Gates v. Deukmejian*, 987 F.2d 1392, 1404 (9th Cir. 1992) (emphasis in original) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). The litigation in this case, and the settlement obtained by Class counsel, have provided the Class members with perhaps the best result that could have been achieved in this case: (1) at least $3,500 for every Class member who submitted a claim form, (2) sealing and deletion of their arrest records, (3) a Court ruling and a jury verdict that the City wrongfully arrested them, and (4) improved mass-arrest training for all Seattle police officers. The only additional relief that any Class member ***might*** have recovered would have been greater monetary damages, but it is at least as likely that

PLAINTIFFS' MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND
INCENTIVE AWARDS
001428-11 199871 V1

- 6 -

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

some Class members would have received a smaller damage award at trial. The results achieved for the Class are exceptional, and warrant the $450,000 award that Class counsel is seeking.

**B.     The Fee is Also Appropriate Under the Common-Fund Doctrine**

The fee is also reasonable upon application of the common-fund doctrine. Where a class settlement creates a common fund in a case with a fee-shifting statute, the preferred approach is to consider any fee request under the fee-shifting statute, but the fee may also be analyzed under common-fund principles. *See, e.g., Staton*, 327 F.3d at 966-67.

It is well established that absent a separate fee agreement, awards of attorneys' fees and expenses to plaintiffs' counsel in class-action settlements may be made under the common-fund or common-benefit doctrine. *See*, *e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The United States Supreme Court has recognized the principle that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

In determining the reasonableness of a proposed fee under the common-fund doctrine, the Court has the discretion to analyze a particular fee request by applying the lodestar method, to determine how the requested fee relates to the actual time invested in the case, or the percentage method, which looks at whether the fee is reasonable in relation to the overall size of the fund. *See Staton*, 327 F.3d at 967-68. In this case, both approaches demonstrate that the requested award is reasonable.

As already demonstrated, it is clear that the application of the lodestar approach in this case indicates that the award sought by Class counsel is far smaller than the amount of Class counsel's investment in the case, even though counsel would have been entitled to their full fee. The requested award is justified under the lodestar approach.

The percentage-of-the-recovery approach also establishes the reasonableness of the fee/expense proposal. The requested fee, which covers both fees and costs, would constitute 45

PLAINTIFFS' MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND                  - 7 -
INCENTIVE AWARDS
001428-11  199871 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

percent of the $1 million settlement. This is above the 25 percent "benchmark" set by the Ninth Circuit. *See*, *e.g.*, *Fischel v. Equitable Life Assur. Soc'y of the United States*, 307 F.3d 997, 1007 (9th Cir. 2002). However, the Ninth Circuit has also directed that the

> benchmark rate, although a starting point for analysis, may be inappropriate in some cases. Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case.

*See Vizcaino*, 290 F.3d at 1048. *See also In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1297 (9th Cir. 1994) ("there is no necessary correlation between any particular percentage and a reasonable fee").

Thus, in *Vizcaino*, the court affirmed a district court which had awarded a fee equal to more than 25 percent of the common fund over objections of class members (even though the award was ***3.65*** times the lodestar), in part because class counsel had achieved, on a contingency basis and over years of litigation, an "exceptional result" of both monetary and non-monetary relief in a risky case. *See* 290 F.3d at 1048-49. Here, Class counsel request approval of a fee that is nearly 70% lower than their lodestar, and believe the result in this case makes this an appropriate case for departure from the 25-percent benchmark.

## C. The Class Representatives Should Receive An Incentive Payment For Vindicating The Rights Of The Class

The Plaintiffs who represent the Class, Kenneth Hankin, Jennifer Hudziec, Stephanie Lane, and Denise Cooper ("the Class Representatives"), are entitled to an incentive award of $2,500 each, in addition to the amount they are entitled to as Class members, as a reward for their dedication to the case and the Class over three years of hard-fought litigation. State and federal courts have recognized that the allowance of incentive payments to plaintiffs in class actions advances the goals of federal statutes, and have found it appropriate to reward named plaintiffs for the benefits they have conferred. *See*, *e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (affirming award of $5,000 to representatives); *In re Immunex Sec. Litig.*, 864 F. Supp. 142, 145 (W.D. Wash. 1994) (awarding $25,000 to eleven class

PLAINTIFFS' MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS AND - 8 -
INCENTIVE AWARDS
001428-11 199871 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

representatives); *Hughes v. Microsoft Corp.*, 2001 U.S. Dist. Lexis 5976, at *36-38 (W.D. Wash. Mar. 21, 2001) (approving awards of up to $65,000 per plaintiff); *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995) (approving award of $50,000 to class representative). *See also Staton*, 327 F.3d at 976-77 (collecting cases).

Over the course of this litigation, the Class Representatives were required to respond to extensive discovery from the City – including multiple sets of interrogatories and requests for production and admission – undergo depositions, and testify at trial. Each of them was in regular contact with Class counsel, especially Mr. Weaver, over the entire life of this case. Ms. Hudziec, Ms. Lane, and Ms. Cooper had to travel across the country for their depositions and trial testimony, and Mr. Hankin used extensive vacation time to ensure that he was at trial every day. *See* Weaver Decl., ¶ 20. They also provided extensive assistance to counsel in understanding the facts of the case and locating witnesses. *See id.* The requested incentive award of $2,500 each is a reasonable reward for their efforts in vindicating the rights of the Class as a whole.

### III.   CONCLUSION

For the reasons detailed above, Plaintiffs respectfully request that the Court approve the petition for $450,000 for the payment of all attorneys' fees and costs and award the Class Representatives an incentive award of $2,500 each.

Dated:  October 11, 2007.

HAGENS BERMAN SOBOL SHAPIRO LLP

By:   /s/ Tyler S. Weaver
   Steve W. Berman, WSBA No. 12536
   Tyler S. Weaver, WSBA No. 29413
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292

Lead Counsel for the Class

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS
001428-11 199871 V1

- 9 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

Arthur Bryant
Victoria Ni
TRIAL LAWYERS FOR PUBLIC JUSTICE
Trial Lawyers for Public Justice
555 12th Street, Suite 1620
Oakland, CA  94607

Michael E. Withey
LAW OFFICES OF MIKE WITHEY
Two Union Square
601 Union Street, Suite 4200
Seattle, WA 98101

FRED DIAMONDSTONE
Attorney at Law
700 Dexter Horton Bldg
710 Second Ave
Seattle, WA  98104
(206) 568-0082


Counsel for the Class

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS

- 10 -

001428-11  199871 V1



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Leslie A Bailey**
  lbailey@tlpj.org

- **Arthur H. Bryant**
  abryant@tlpj.org

- **Theron A. Buck**
  tbuck@staffordfrey.com; bcarranza@staffordfrey.com; dmashburn@staffordfrey.com; swindes@staffordfrey.com

- **Heather L Carr**
  hcarr@staffordfrey.com; erayborn@staffordfrey.com

- **Karen Cobb**
  kcobb@staffordfrey.com; erayborn@staffordfrey.com

- **Fred Diamondstone**
  fdiamondstone@seanet.com

- **Stephen Powell Larson**
  slarson@staffordfrey.com; mnewkirk@staffordfrey.com; dmashburn@staffordfrey.com; swindes@staffordfrey.com

- **John Rolfing Muenster**
  JMKK1613@aol.com

- **Victoria Ni**
  vni@tlpj.org

- **Benjamin Schwartzman**
  bschwartzman@greenerlaw.com

- **Thomas Sean Sheehan**
  sean.sheehan@seattle.gov; donna.robinson@seattle.gov; leslie.filler@seattle.gov; anne.elliott@seattle.gov

- **Michael E. Withey**
  mike@skwwc.com; kristinm@skwwc.com; johank@skwwc.com

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS
001428-11  199871 V1

- 11 -



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

Executed this 11th day of October, 2007.

          **s/ Tyler Weaver**
          Tyler Weaver, WSBA No. 29413
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Fax: (206) 623-0594
Email: tyler@hbsslaw.com

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS

001428-11 199871 V1

- 12 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594